UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Angel TEJEDA-MATA,

                          *Petitioner*,

  v.                                                     Case No. 26-CV-658 (KMK)

LaDeon FRANCIS, *et al.*,                           ORDER

                          *Respondents*.

---

KENNETH M. KARAS, United States District Judge:

      Petitioner Angel Tejeda-Mata ("Petitioner"), who was detained by immigration authorities on January 22, 2026, petitions for the writ of habeas corpus under 28 U.S.C. § 2241. (*See* Pet. (Dkt. No. 1).) By Order entered January 26, 2026, the Court scheduled a telephonic hearing for January 28, 2026. (*See* Order (Dkt. No. 3).) For the reasons set forth below, the Court orders the release of Petitioner by January 28, 2026 at 5:00 p.m. ET.

      Petitioner has resided in New York since at least 1999. (Pet. ¶ 8.) He has held the same job for several years and is the father of two U.S.-citizen children, ages twenty-one and three. (Pet. ¶¶ 8–9.) Petitioner claims to have "no criminal convictions in any country." (*Id.* ¶ 10.)

      On January 22, 2026, "[a]pproximately six [Department of Homeland Security] agents approached [Petitioner]" while he was walking to work. (*Id.* ¶ 11.) The agents "used a common tactic [for] stop[ping] New Yorkers" by showing Petitioner a photo and asking if he knew the individual in it. (*Id.* ¶ 11.) While he was stopped, the agents used a mobile device to scan [Petitioner]'s face, which[,]" based on Petitioner's understanding, "did not return any results." (*Id.*) The agents then asked Petitioner for identification, and "sensing he had no choice," he provided a New York driver's license. (*Id.*) "Despite the absence of probable cause[,]" the

agents then "took and searched [Petitioner's] wallet." (*Id.*)  The agents then handcuffed Petitioner and another individual and transported them to a location in Manhattan.  (*Id.* ¶ 12.)

Once there, Immigration Customs Enforcement ("ICE") agents allegedly told Petitioner and other detainees "that it would take [seven] months to a year to see an immigration judge[,]" but that Petitioner could apply to return to the United States immediately if he voluntarily accepted deportation.  (*Id.* ¶ 13.)  Based on this information, which Petitioner alleges is inaccurate, Petitioner signed a voluntary departure agreement.  (*Id.* ¶ 14.)  He was not given the chance to make any phone calls after being presented with this information or the attendant paperwork.  (*Id.* ¶ 13.)  Only after signing the paperwork was Petitioner permitted to retrieve phone numbers from his cell phone and attempt to reach his family.  (*Id.* ¶ 14.)  Petitioner was subsequently transported to Orange County Jail, where he remains detained.  (*Id.* ¶ 15.)  He has not appeared in front of an Immigration Judge.

This Petition requires answering the question that district courts nationwide have addressed:  whether the potential detention a person, such as Petitioner, who has been living in the United States after entering the country illegally, should be governed by 8 U.S.C. § 1226(a), or 8 U.S.C. § 1225(b)(2)(A).  The answer to that question is momentous, as detention under the latter is, with few exceptions not present here, mandatory, while detention under the former is discretionary and, in fact, provides immigrants the right to a hearing in front of an immigration judge to determine if release is appropriate.  *See Tumba Huamani v. Francis*, No. 25-CV-8110, 2025 WL 3079014, at *2 (S.D.N.Y. Nov. 4, 2025).  Indeed, at the hearing earlier today, the Government confirmed that it was solely relying on the position that § 1225(b)(2)(A) governs this case.

The Court has reviewed the relevant cases from district courts nationwide, which have overwhelmingly held that 8 U.S.C. § 1226(a) governs cases such as this, where the noncitizen has been present in the United States for a long period of time. *See Cardenas v. Almodovar*, No. 25-CV-9169, 2025 WL 3215573, at *1–2 (S.D.N.Y. Nov. 18, 2025) (collecting cases and noting that there are "scores of decisions" on "the §1226(a) side of the split"); *see also Tumba,* 2025 WL 3079014, at *2 (S.D.N.Y. Nov. 5, 2025) (collecting cases); *Lopez Benitez v. Francis*, --- F. Supp. 3d ---, No. 25-CV-5937, 2025 WL 2371588, at *3–9 (S.D.N.Y. Aug. 13, 2025) (collecting cases). Other courts have reached this conclusion based on, among things, the overall statutory scheme and the plain language of the two statutes at issue. *See Cardenas*, 2025 WL 3215573, at *2; *Tumba*, 2025 WL 3079014, at *2–5. The Court sees no need to add any further analysis to the broad consensus among courts in the Second Circuit and across the country. Thus, as noted in these (and many, many other decisions), detention pending removal under § 1226(a) is discretionary, and noncitizens detained under the statute are afforded an initial determination as to eligibility for release and the opportunity for a bond hearing upon detention. 8 C.F.R. § 1236.1(d)(1). Here, Petitioner was afforded neither of these guarantees in violation of § 1226(a).

Additionally, the Court finds that Petitioner's detention constitutes a Due Process violation. The Due Process Clause of the Fifth Amendment prevents the Government from depriving any person—including non-citizens, "whether their presence here is lawful, unlawful, temporary, or permanent," *Zadvydas v. Davis*, 553 U.S. 678, 693 (2001)—of "life, liberty, or property without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—

from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.  It mandates that a person not be detained unless he has been given notice of the case against him and an opportunity to be heard on its merits.  *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976).  Here, Respondents have violated this fundamental mandate, as Petitioner has been detained without notice or an opportunity to be heard.  The remedy for this violation is release from custody.  *See Cardenas*, 2025 WL 3215573, at *3 (concluding release is appropriate where petitioner was given no notice or opportunity to be heard); *Lopez Benitez*, 2025 WL 2371588, at *15 (reaching the same result by applying the *Mathews* test); *Tumba*, 2025 WL 3079014, at *8–9 (reaching the same result without applying the *Mathews* test).

For the reasons stated above, Petitioner's Petition for the writ of habeas corpus is GRANTED, and Respondents are ORDERED to release him from custody and certify compliance with this Order by no later than **5:00 p.m. ET** on **January 28, 2026**.

SO ORDERED.

DATED:   January 28, 2026
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE